IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Case No.: 04-29682 CMB |
| | ) | |
| Cernuto Incorporated, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Document No.: ___ |

## TRUSTEE'S SECOND REPORT OF UNCLAIMED FUNDS

The Chapter 7 Trustee, Charles O. Zebley, Jr., Esquire ("Trustee"), files the following Second Report of Unclaimed Funds pursuant to 11 U.S.C. §347(a) and Bankruptcy Rule 3011 as follows:

1. After the Court approved the Trustee's proposed distribution of the estate, Trustee distributed the entire balance of estate funds pursuant to the same. The checks set forth below came back.

2. Claim 2 - Sparmon Fischler: Check No. 10106 made payable to Sparmon Fischler for $420.90 representing payment of its claim (No. 2) was neither returned nor cashed. The check is now stale, and Trustee stopped payment on it.

3. Claim 28 - Pittsburgh Publishing Company: Check No. 10130 made payable to Pittsburgh Publishing Company for $25.78 representing payment of its claim (No. 28) was neither returned nor cashed. The check is now stale, and Trustee stopped payment on it.

4. Claim 41 - Blue Linx Corp./fka Georgia Pacific Corp.: Check No. 10141 made payable to Blue Linx Corp./fka Georgia Pacific Corp. for $7,935.71 representing payment of its claim (No. 41) was neither returned nor cashed. The check is now stale, and Trustee stopped payment on it.

5. Trustee tenders to the clerk his check for $8,382.39 representing the sum of the above unclaimed funds. A copy of the check is attached hereto as Exhibit "A." [The Funds]

ZEBLEY MEHALOV & WHITE, P.C.

Dated: February 14, 2012

BY /s/ Charles O. Zebley, Jr.
Charles O. Zebley, Jr., Trustee
PA I.D. No. 28980
Zebley Mehalov & White, P.C.
P.O. Box 2124
Uniontown, PA 15401
(724) 439-9200

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: **CERNUTO, INCORPORATED**     Case # **04-29682**
Debtor                                                          Chapter 7

## AFFIDAVIT AND IDENTIFICATION OF CREDITOR

I, **Dale Baird**, acting in my capacity as Corporate Credit Manager of BlueLinx Corporation ("Creditor"), do hereby declare as follows:

1) Creditor filed the claim in this case, and is entitled to the Unclaimed Funds in this matter. I have provided herewith evidence of my personal identification, authority, and claim/debtor linkage.

2) Creditor does not know why the funds were not received originally, but presumably due to a mailing error and/or our address change, which was not duly noticed to the Trustee or Court. Our correct contact information is:

BlueLinx Corporation
ATTN: Dale Baird / Corporate Credit Manager
4300 Wildwood Parkway
Atlanta, GA 30339

3) Creditor has not previously sold or assigned the unclaimed account, nor the underlying claim that generated same. Creditor is still the owner of the funds, is entitled to payment, and has not engaged any party to make any filing for these funds, other than that which is made herewith.

I hereby certify that the foregoing statements are true and correct to the best of my knowledge and belief. Respectfully submitted this 26th day of April, 2012.

**BlueLinx Corporation**
Name of Creditor
                                                            Signature: *Dale Baird*

Creditors FEIN # 77-0602735/     Correct, Current Phone # 770-953-4983

Sworn to and Subscribed before me on this  26  day of April, 2012
NOTARY PUBLIC                                          State of Georgia
                                                             City/County of Cobb

## INCUMBENCY CERTIFICATE

The undersigned, Sara E. Epstein, Secretary of BlueLinx Corporation, a Georgia corporation (the "Company"), hereby certifies on behalf of the Company as follows:

1. That I am the duly elected, qualified and acting Secretary of the Company.

2. That the following person is, on or as of the date hereof, a duly elected or qualified and acting officer of the Company as listed below and that the signature set forth opposite his name is such person's genuine signature:

| Name | Title | Signature |
|---|---|---|
| Dale W. Baird | Corporate Credit Manager | /s/ Dale W. Baird |

Authority of Corporate Rep

IN WITNESS WHEREOF, the undersigned has executed this Certificate as of the 25th day of April, 2012.

/s/ Sara E. Epstein
Sara E. Epstein
Secretary

357454

ID of Corporate Rep



FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT Western DISTRICT OF Pennsylvania | PROOF OF CLAIM |
|---|---|

Name of Debtor: Cernuto Incorporated d/b/a C & C Lumber Building Supplies
Case Number: 04-29682    Chapter 7

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): BlueLinx Corporation f/k/a Georgia-Pacific Corporation Distribution

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
BlueLinx Corporation
Attn: Alva Birks
4100 Wildwood Parkway, 2nd Floor
Atlanta, Georgia 30339
Telephone number: (770) 953-7531

☒ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

FILED '06 MAY 15 AM 12

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
400 763 200030

Check here if this claim ☐ replaces ☒ amends a previously filed claim, dated: 08/06/04

1. Basis for Claim
☒ Goods sold
☐ Services performed

[From Creditor's files, submitted as evidence of case linkage]

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #: _____
Unpaid compensation for services performed
from _____ to _____
(date)   (date)

2. Date debt was incurred: 01/29/03
3. If court judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $188,085.71
   _____ _____ _____ $188,085.71
   (unsecured)    (secured)    (priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. Unsecured Nonpriority Claim $188,085.71
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date: May 5, 2006

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): /s/ Alva Birks
Alva Birks, Collections - BlueLinx Corporation

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# FORM 8-K

### CURRENT REPORT
Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

Date of Report (Date of earliest event reported): September 30, 2011

# BLUELINX HOLDINGS INC.
(Exact name of registrant as specified in its charter)

[Current info, including address, of Creditor]

| Delaware | 001-32383 | 77-0627356 |
|---|---|---|
| (State or other Jurisdiction of Incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

| 4300 Wildwood Parkway, Atlanta, Georgia | 30339 |
|---|---|
| (Address of Principal Executive Offices) | (Zip Code) |

Registrant's telephone number, including area code: (770) 953-7000

Not applicable
(Former name or former address if changed since last report.)

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

☐ Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☐ Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

☐ Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

☐ Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

1

**Item 2.03 Creation of a Direct Financial Obligation or an Obligation under an Off-Balance Sheet Arrangement of a Registrant.**

On September 30, 2011, BlueLinx Corporation ("BlueLinx"), a wholly owned subsidiary of BlueLinx Holdings Inc. (the "Company") and Wells REIT II – Wildwood Properties ("Landlord") entered into a Seventh Amendment to Lease Agreement (the "Seventh Amendment") modifying the lease agreement (the "Original Lease Agreement" and, as subsequently amended, the "Lease Agreement") for BlueLinx' corporate headquarters located at 4100 and 4300 Wildwood Parkway, Atlanta, Georgia.

Under the terms of the Seventh Amendment, BlueLinx will be released from its obligations under [the lease] located at 4100 Wildwood Parkway, Atlanta, Georgia (the "4100 Building"). The provisions of the [Lease Agreement] at 4300 Wildwood Parkway, Atlanta, Georgia, remain in effect. BlueLinx is obligated to surrender [the 4100 Building by] 2012.

*(above) evidence of both former and present address*

Under the Seventh Amendment, BlueLinx is obligated to pay to Landlord, on or before January 31, 2012, a space remittance fee in the amount of $5,000,000 in consideration of Landlord's agreement to release BlueLinx from all obligations related to the 4100 Building. In addition to the space remittance fee, BlueLinx is obligated to pay to Landlord the sum of $1,200,000 on or before December 31, 2013; provided, however, that in the event Landlord enters into one or more leases for all or any portion of the 4100 Building prior to December 31, 2013, Landlord may invoice BlueLinx for fifty percent of the $1,200,000, to be paid within 30 days of such invoice, with the balance to be paid not later than December 31, 2013. In addition, the Seventh Amendment provides that upon payment by BlueLinx of the space remittance fee and delivery to Landlord of an irrevocable, unconditional letter of credit in favor of Landlord in the amount of $900,000, Landlord shall immediately return to BlueLinx the letter of credit previously delivered to Landlord in the amount of $1,500,000.

The Lease Agreement contains customary events of default. These events of default include, among others, BlueLinx' failure to pay rent when due and BlueLinx' breach of its other obligations under the Lease Agreement if the breach remains uncured for 30 calendar days after written notice from the Landlord. If BlueLinx defaults under the Lease Agreement, the Landlord is entitled, among other things, to immediately terminate the Lease Agreement and to accelerate all rent due under the Lease Agreement for the remainder of the lease term, discounted to present value. Such discount shall be calculated by using a discount factor of eight percent for the remaining rent over the then fair market value of the premises for the remainder of the term of the Lease Agreement, discounted to present value by using a discount factor of eight percent. The current term of the Lease Agreement ends on January 31, 2019.

2

## SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, the Registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

BLUELINX HOLDINGS INC.

By: /s/ H. Douglas Goforth

H. Douglas Goforth

Chief Financial Officer & Treasurer

Dated: October 6, 2011

3

## IRREVOCABLE LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENT, that I, **Dale Baird, acting in my capacity as Corporate Credit Manager for BlueLinx Corporation** (hereinafter "Claimant") hereby appoint **John J. Marshall of JM PARTNERS LLC** (hereinafter "Agent") as my lawful attorney-in-fact to seek recovery of the undistributed, unclaimed, undelivered, or otherwise dormant tenders of funds held for Claimant in the *United States Bankruptcy Court for the Western District of Pennsylvania*, Case # *04-29682 / Cernuto, Incorporated.*

I further grant the attorney authority to do whatever is necessary and proper to recover the above referenced funds as fully as it might or could do if acting on its own behalf as owner of the funds, and hereby confirms all that the attorney shall lawfully do or cause to be done. Nevertheless, the attorney shall have no authority to incur any financial obligation or to make any expenditure on behalf of Claimant. All funds collected on behalf the Claimant shall be collected solely in the name of the Claimant, and any fee due to Agent shall only be due upon receipt of funds from the Court. Any checks collected may be negotiated thru escrow, but solely for the purpose of remitting the net payable to Claimant, and no withdrawals, offsets, or deductions – other than agreed to in writing by the Claimant – may be made for such funds.

In construing this instrument where the context so requires, the singular includes the plural. This Power of Attorney shall apply *EXCLUSIVELY* to funds owed to Claimant and on an official Unclaimed Funds Registry or Ledger as of the date of executing of this Power, and shall remain in-force only for so long as such funds remain uncollected.

Signed this 26th day of April, 2012.

FOR/BY:    *BlueLinx Corporation*

_____
*Signature – Dale Baird*

NOTARY SEAL    State of Georgia    County of Cobb    Date 4/26/12

The above named *Dale Baird* known to be the individual described in, and holding the position designated in the foregoing instrument, appeared before me and acknowledged the execution thereof to be his/her free act and deed.

_____    _____
Notary's Name (Print)                  Signature

My Commission Expires on: 8/30/2015

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: **CERNUTO, INCORPORATED**        Case # **04-29682**
Debtor                                                          Chapter **7**

## IDENTIFICATION OF ATTORNEY-IN-FACT

I, **John J. Marshall, acting in my capacity as Managing Member of JM Partners LLC, itself the Attorney in Fact for BlueLinx Corp** (hereinafter "Creditor") state and declare as follows:

1) The Creditor is the owner of that certain Claim as is indicated on the register of claims, along with those certain Unclaimed Funds generated from, by and for the benefit of such Claim. Evidence of same is included herewith. My photo ID information is as follows:



Phone: 804-740-2972        Fax: 804-740-2973

### JM Partners LLC
**Consulting - Investments**

John J. Marshall        jmp.consulting@verizon.net
Managing Member

12201 Gayton Road, Suite 220
Richmond, VA  23238-8203

2) I have made all efforts required to know to the best of my knowledge that there is no other firm or individual who would be entitled to the benefit of the aforementioned Claim or Unclaimed Funds, and I have not engaged any other party to assist with the recovery of same. Once you approve the Application – or if you have any questions about this filing, or the account in general – please direct the payment as follows:

**JM Partners LLC**                            804-740-2972
**ATTN: John J. Marshall**          804-740-2973 FAX
**12201 Gayton Road  Suite 220**    jmarshall@jmpartnersllc.com
**Richmond, VA  23238-8203**

    I hereby certify that the foregoing statements are true and correct to the best of my knowledge and belief.

John J. Marshall *Managing Member*
For: JM Partners LLC

INDEX TO ENCLOSURES

**Unclaimed Funds Recovery**

**HOLDER: USBC PA Western District**
**CASE # 04-29682 Cernuto Incorporated**
**CLAIMANT: JM Partners LLC,** *Attorney-in-Fact*
*for* **BlueLinx Corp**

| | |
|---|---|
| Listing of the Unclaimed Funds | 1 |
| Affidavit of Creditor | 2 |
| ID & Authority of Creditor's Rep | 3 |

**Brief History Statement & Recap of Supporting Evidence:**

**BlueLinx Corp** was the Creditor in this matter. Creditor changed mailing addresses subsequent to filing the claim. Unfortunately, Creditor neglected to inform the Court or Trustee of this, and that apparently lead to the unclaimed funds in this case.

JM Partners LLC ("Claimant") – who acts both as a Funds Recovery Agent and a Bankruptcy Claim Purchaser / Investor – located the Creditor, disclosed the full details of the account, and sought an engagement to either recover the funds as Agent, or simply to purchase an Assignment of the account. The Creditor elected the former option, and has engaged Claimant for such work as is necessary to secure the release of the funds. Thus, JM Partners LLC makes this application as the Attorney-in-Fact for the Creditor.

| | |
|---|---|
| Evidence Linking to Case/Debtor | 4 |
| LPOA, engaging JM Partners LLC | 5 |
| Affidavit of JM Partners LLC | 6 |

6
7
8
9
10
11
12
13
14
15

**Prepared & Submitted by:**

JM Partners LLC
PO Box 29940
Richmond, VA 23242-0940
Phone 804-740-2972
jmarshall@jmpartnersllc.com